UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Eddie Sinclair,

      Petitioner,

      v.                                        Civil Action No. 2:12-CV-176

State of Vermont,

      Respondent.

## **REPORT AND RECOMMENDATION**
(Docs. 1, 7)

Petitioner Eddie Sinclair, proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In 1993, Sinclair received a state court sentence of two to twelve years for assault and robbery after a conviction by guilty plea. In 2010, long after he had served the state sentence, Sinclair filed a *pro se* motion in state court seeking a writ of *coram nobis* to "vacate/bring to trial/set aside" his 1993 conviction. (Doc. 1-1 at 27-29.) He claimed the plea was not entered intelligently or voluntarily because he was not placed under oath during the plea, was not informed of his right to an appeal, was not told that the conviction could be used to enhance a future sentence, and was under the influence of narcotics at the time of the plea. (*Id*. at 29.) Sinclair also claimed that his counsel was constitutionally ineffective, and that the court failed to comply with Vermont Rule of Criminal Procedure 11. (*Id*.) The motion alleged that he was currently serving a federal sentence that had been enhanced based on the

1993 state conviction. (*Id.* at 27.) On appeal, the Vermont Supreme Court affirmed the Superior Court's denial of Sinclair's motion because other post-conviction relief remained available to him. *See State v. Sinclair*, 2012 VT 49, A.3d 152. Sinclair then filed the instant petition, whereby he purports to "appeal" the decision of the Vermont Supreme Court to this Court. (Doc. 1 at 2.) The State of Vermont moves to dismiss Sinclair's petition on two grounds: (1) his claim is time-barred by the applicable one-year statute of limitations, *see* 28 U.S.C. § 2244(d)(1); and (2) he failed to exhaust his state court remedies, *see* 28 U.S.C. § 2254(b)(1). (Doc. 7.) Sinclair filed a response. (Doc. 8.)

For the reasons that follow, I recommend that Sinclair's petition be DENIED and the motion to dismiss be GRANTED.

## Facts and Procedural Background

The Vermont Supreme Court summarized the proceedings related to Sinclair's 1993 criminal conviction as follows:

> In October 1992, the State charged [Sinclair] with assault and robbery. [Sinclair] entered a plea agreement with the State in which he agreed to plead guilty in exchange for a sentence of two-to-twelve years. In March 1993, the trial court held a change-of-plea hearing and engaged [Sinclair] in plea colloquy. The court then accepted the plea. . . .

*Sinclair*, 49 A.3d at 153-54. Sinclair was sentenced and judgment entered on May 27, 1993. (Doc. 1-1 at 2.) He did not file a direct appeal. (*Id.*)

In November 2010, Sinclair filed a *pro se* motion in the Vermont Superior Court for a writ of *coram nobis*,[1] seeking to "vacate/bring to trial/set aside" his 1993 conviction. He argued that his counsel during the plea hearing had been constitutionally ineffective by failing to inform him that the conviction could be used to enhance a future sentence, the plea had entered involuntarily because he was under the influence of narcotics at the time and was unaware of the possible future sentencing enhancement,[2] and the court had failed to comply with Vermont Rule of Criminal Procedure 11, which governs pleas. (Doc. 1-1 at 27-29.) In the motion, Sinclair maintained that he was serving a federal sentence that had been enhanced due to his 1993 conviction. (*Id*. at 27.) After the Vermont Superior Court denied his motion, Sinclair appealed. On June 8, 2012, the Vermont Supreme Court upheld the denial of the motion, reasoning that *coram nobis* "may be used when no other remedy is available," *Sinclair,* 49 A.3d at 157, and, because Sinclair was eligible to file a post-conviction relief petition pursuant to 13 V.S.A. § 7131, *coram nobis* was not the proper vehicle through which to raise his claims.

On August 1, 2012, Sinclair filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In his petition, Sinclair raises the same arguments as in his earlier *coram nobis* motion to state court.

---

[1] By the Vermont Supreme Court's description, the writ of *coram nobis* is a "viable remedy to invalidate a defective criminal conviction when other collateral relief is unavailable." *Sinclair*, 49 A.3d at 157.

[2] Sinclair also claimed that he was not placed under oath during the plea and was not informed of his right to an appeal. (Doc. 1-1 at 29.)

**Discussion**

The State of Vermont moves to dismiss on the basis that Sinclair's claim is time-barred by the applicable statute of limitations, and because he has failed to exhaust his administrative remedies. (Doc. 7.) The Court addresses each point in turn.[3]

**I.      Statute of Limitations**

The one-year statute of limitations for § 2254 petitions is set forth in the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"); 28 U.S.C. § 2244(d)(1). The AEDPA's limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] The first showing a § 2254 petitioner must make is that he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Here, Sinclair has long since served his challenged state sentence, and now claims to be serving a federal sentence that has been enhanced by the allegedly unconstitutional state sentence. The Supreme Court has held that a petitioner challenging in habeas corpus the validity of an expired conviction that he maintains is being used as an enhancement to his current sentence satisfies the custody requirement, even if he is no longer in custody on the prior conviction, but that the § 2254 petition must be construed as asserting a challenge to the subsequent (i.e., enhanced) sentence. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001). The Court has also held that regardless of whether this custody requirement is met, concerns of easy administration and ensuring the finality of state court judgments dictate that the expired conviction itself cannot be challenged in an attack upon the later sentence it was used to enhance. *See Daniels v. United States*, 532 U.S. 374, 379-83 (2001) (prior state conviction cannot be challenged in § 2255 motion challenging current federal sentence enhanced by prior conviction); *Coss*, 532 U.S. at 402-03 (prior state conviction cannot be challenged in § 2254 petition challenging current state sentence enhanced by prior conviction). The only exception to this general rule is for a claim that the prior conviction was unconstitutional because there was a failure to appoint counsel, in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963), which does not apply to the instant case.

Based upon this case law, it seems that, although Sinclair satisfies the "in custody" requirement, his claim must be brought as a challenge to his federal sentence under § 2255, in which – setting aside entirely that he has proceeded under the wrong statute – he would not even be able to challenge the underlying state sentence. But because the State has failed to cite these cases or raise these arguments, and there are ample other reasons to dismiss the petition, I decline to address this point further.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). As relevant here, judgment was entered on May 27, 1993, and Sinclair's time for filing a direct appeal to the Vermont Supreme Court expired 30 days later. *See* V.R.A.P. 4(a). Pursuant to 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on June 25, 1993.

The AEDPA, however, was not implemented until April 24, 1996. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998). The Second Circuit has held that, with respect to convictions that became final prior to AEDPA's enactment, the limitations period expired one year after the statute's enactment. *See, e.g., Adeline v. Stinson*, 206 F.3d 249, 251 (2d Cir. 2000). As a consequence, the limitations period for Sinclair's habeas petition expired on April 24, 1997. Sinclair did not file his petition for a writ of habeas corpus until August 1, 2012. (Doc. 1.) Accordingly, absent any tolling of the limitations period, Sinclair's § 2254 petition is untimely.

The only arguable basis for tolling that Sinclair could possibly assert (an argument he did not raise in either his petition or response) is under the doctrine of equitable tolling,[4] which allows courts to extend a statute of limitations period on a case-by-case

---

[4] The federal habeas corpus statute has a separate provision that stops the limitations clock while a prisoner brings "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2). That provision does not apply in this case, however, since Sinclair did not file his *coram nobis* motion in state court until long after the expiration of the AEDPA limitations period. *See Doe v. Menefee*, 391 F.3d 147, 154 (2d Cir. 2004).

5

basis to prevent inequity. *See Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996); *see also Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (the AEDPA's statutory limitations period "is subject to equitable tolling in appropriate cases"). Such tolling applies only if the petitioner shows: "'(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In general, equitable tolling is reserved for "rare and exceptional" circumstances. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

The Court need not consider Sinclair's diligence, as his claim for equitable tolling fails on the second prong of the analysis. Sinclair bears the burden to demonstrate the existence of extraordinary circumstances that justify equitable tolling of the statute of limitations. *See Wilkins v. Kirkpatrick*, No. 06 Civ. 2151, 2009 WL 3644082, at *3 (S.D.N.Y. Nov. 4, 2009). On the face of Sinclair's petition, it appears that his delay arose from the fact that his plea counsel told him that the plea was "not appealable," (Doc. 1 at 5) and that, in February 2007 he "received assistance from a fellow inmate" in researching his claims and discovered that he could, in fact, challenge his plea. (*Id*. at 13.) "Courts within the Second Circuit consistently have held that lack of legal knowledge or legal assistance is not an extraordinary circumstance warranting equitable tolling." *Toccaline v. Commissioner*, No. 3:10-CV-1404, 2012 WL 603294, at *9 (D. Conn. Feb. 23, 2012) (collecting cases); *see Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) ("This Circuit, like her sisters, has found attorney error inadequate to create the 'extraordinary' circumstances equitable tolling requires.").

Indeed, lack of knowledge about one's legal rights cannot be deemed an extraordinary circumstance "because tolling for this common obstacle that most petitioners face would undermine the legislative decision to impose a one-year limitations period." *Adkins v. Warden*, 585 F. Supp. 2d 286, 297 (D. Conn. 2008). "*[P]ro se* status and lack of expertise in the legal system do not constitute extraordinary circumstances that warrant equitable tolling. . . . To hold otherwise would give carte blanche to every . . . defendant to determine his or her own statute of limitations." *Tamayo v. United States*, Nos. 05 Civ. 9001 & 99 CR 1113, 2008 WL 417674, at **3 nn. 19, 31 (S.D.N.Y. Feb. 13, 2008).

Therefore, even accepting Sinclair's alleged ignorance of his right to an appeal and his attorney's inadequacy in conveying that right, this case does not rise to the level of an "extraordinary circumstance" permitting equitable tolling. Therefore, the generally applicable statute of limitations applies, which lapsed on April 24, 1997, well before the filing of Sinclair's habeas petition. On this basis, Sinclair's petition should be DENIED, and the State's motion to dismiss should be GRANTED.

## II.    Exhaustion of State Remedies

A federal court should not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1).[5]

---

[5] In relevant part, 28 U.S.C. § 2254(b)(1) states that:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The burden of proving exhaustion lies with the petitioner. *See Lopez v. Unger*, No. 07-CV-4145, 2010 WL 3937190, at *4 (E.D.N.Y. Sept. 30, 2010) (citing *Colon v. Johnson*, 19 F. Supp. 2d 112, 120 (S.D.N.Y. 1998)). To satisfy the exhaustion requirement, a petitioner must have presented the state courts with "the same claim he urges upon the federal courts," *Picard v. Connor*, 404 U.S. 270, 275-76 (1971), to ensure that the prisoner has "given the state courts a fair opportunity to review his federal claim and correct the alleged error," *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985).[6] Complete exhaustion requires a petitioner to "present *the substance* of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state." *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (internal quotation marks and citations omitted, emphasis added). Because the state court must reach the substance of the federal claim, if the state court dismisses the case because the prisoner "used the wrong procedural vehicle, the state courts never had a fair opportunity to pass on his claim." *Id*. Thus, if the state court declines to address the merits of the prisoner's claim, but another avenue for possible state relief exists, the prisoner has failed to exhaust his state remedies, and the petition for a writ of habeas corpus should be dismissed. *Id*.

---

[6] The exhaustion requirement is best explained by reference to principles of comity. As the Supreme Court explained:
> State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

Such is the case here. Sinclair sought a writ of *coram nobis* in state court, which the Vermont Supreme Court held was an improper vehicle for Sinclair to obtain the relief sought. *Sinclair*, 49 A.3d at 158. That court never had an opportunity to pass on the merits of his claim. It did, however, note that Sinclair was free to bring a petition for post-conviction relief "to vacate, set aside or correct the sentence" pursuant to 13 V.S.A. § 7131, and that in such a petition Sinclair could "raise the issues referred to in his motion, including the adequacy of the Rule 11 colloquy and the effectiveness of trial counsel." *Id*. Sinclair declined to do so, opting instead to bypass the readily available state remedy in favor of filing the instant petition in federal court. This is precisely the decision that the exhaustion requirement is meant to foreclose. No Vermont court has had the opportunity to address the merits of the alleged constitutional violations raised in Sinclair's petition, but those courts remain open. Principles of comity demand that this Court abstain until Vermont courts have an opportunity to address the merits of Sinclair's claims.

Due to this failure to exhaust state remedies, Sinclair's petition should be DENIED and the State's motion to dismiss should be GRANTED.

## **Conclusion**

For the reasons set forth above, I recommend that Sinclair's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED, and the State of Vermont's motion to dismiss (Doc. 7) be GRANTED.

Dated at Burlington, in the District of Vermont, this 28th day of September, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).